IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TOMAS RODRIGUEZ GONZALEZ, et al.,

    Plaintiffs,

    v.

JERRY RIVERA, et al.,

    Defendants.

CIVIL NO. 04-1464 (RLA)

**ORDER IN THE MATTER OF DEFENDANTS' MOTION TO DISMISS**

Codefendants JERRY RIVERA, ZEILA DONIS and the conjugal partnership constituted between them, JERRY RIVERA PUBLISHING (collectively identified as "RIVERA") and BMG MUSIC ("BMG")[1] have moved the court to dismiss the claims asserted against them for failure to state a claim. Codefendants EDWIN PINO RIVERA, DOMINGA RODRIGUEZ CEDEÑO and their conjugal partnership joined in the request.

In the complaint plaintiff TOMAS RODRIGUEZ GONZALEZ alleges that he is the author and copyright owner of two songs, "Ella" and "Quiero Beber" and that these songs were published without his consent or license in the JERRY RIVERA album "Vuela Muy Alto".

---

[1] According to BMG, the other named defendants in the complaint, i.e., BMG DISTRIBUTION, BMG ENTERTAINMENT and BMG INTERNATIONAL MUSIC SERVICE are not suable entities but rather divisions or d/b/a's of BMG MUSIC.

**CIVIL NO. 04-1464 (RLA)**                                                    **Page 2**

According to plaintiff, defendants' actions constitute violation of the Copyright Act as well as "False Designation of Origin" under sec. 43(a) of the Lanham Act. Plaintiff further adduces causes of actions under local statutory provisions, i.e., Puerto Rico Moral Rights Statute, contract and tort laws.

### FAILURE TO STATE A CLAIM

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven Sch. Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. den*. 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts

**CIVIL NO. 04-1464 (RLA)**                                                                 **Page 3**

as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

## THE FACTS

Although RODRIGUEZ claims in the complaint to be the sole owner of the songs at issue in this litigation, as evidenced by Copyright Registration Certificate No. PAu2-795-558 incorporated at ¶ 23 of the initial pleading and attached thereto, plaintiff is co-author and co-owner of the songs at issue together with codefendant DOMINGA RODRIGUEZ.[2]

Codefendant DOMINGA RODRIGUEZ authorized the publication of the songs "Ella" and "Quiero Beber" in JERRY RIVERA's album "Vuela Muy Alto" without plaintiff's prior consent or authorization.

Plaintiff was not given credit for the composition of the songs "Ella" and "Quiero Beber" in JERRY RIVERA's album "Vuela Muy Alto". Rather, the name of codefendant EDWIN PINO RIVERA appeared in the publication.

Coefendants have been compensated for the sale of the songs "Ella" and "Quiero Beber" but plaintiff has not received any compensation or royalties for this sale.

## COPYRIGHT INFRINGEMENT AND DUTY TO ACCOUNT

In Count I of the complaint plaintiff alleges that publication of the songs "Ella" and "Quiero Beber" without his consent constitute copyright infringement in violation of the Federal Copyright Act.

---

[2] Plaintiff has failed to dispute this fact in his opposition.

**CIVIL NO. 04-1464 (RLA)**                                                              **Page 4**

However, as defendants correctly point out, co-authors of copyrighted work may not bring a copyright infringement claim against either the co-owners or third-party licensees duly authorized by co-owners.

Co-authors are co-owners of copyright in their work. "In a joint work, the joint authors hold undivided interests in a work, despite any differences in each author's contribution." Erickson v. Trinity Theatre, Inc., 13 F.3d 1061, 1068 (7th Cir. 1994). "Co-owners are treated as tenants in common with each co-owner having an undivided, independent right to use the work". U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Ala., 104 F.3d 1453, 1461 (4th Cir. 1997). *See also,* 17 U.S.C. § 201(a).

Each co-owner is free to "either exploit the work himself, or grant a nonexclusive license to third-parties." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright (2004) § 6.10 p. 6-30 (footnotes omitted). "Joint authorship entitles the co-authors to equal undivided interests in the whole work - in other words, each joint author has the right to use or to license the work as he or she wishes". Thomson v. Larson, 147 F.3d 195, 199 (2nd Cir. 1998). *See also*, Caffey v. Cook, 409 F.Supp.2d 484 (S.D.N.Y. 2006).

Further, "one joint owner cannot be liable for copyright infringement to another joint owner, for the reason that one cannot infringe his own copyright". 1 Nimmer on Copyright § 6.10 p. 6-30 (footnotes omitted).

**CIVIL NO. 04-1464 (RLA)**                                                        **Page 5**

Based on the foregoing, it is undisputed that DOMINGA RODRIGUEZ CEDEÑO - as co-author of the two songs at issue - was authorized by law to license their use to third parties without having to procure plaintiff's consent. Hence, plaintiff has no valid copyright infringement claim against either DOMINGA RODRIGUEZ or the licensed third-parties named as additional defendants in the complaint.

Accordingly, plaintiff's claim for infringement of the Copyright Act is **DISMISSED.**

Plaintiff claims that as co-author of the songs defendants owe him profits for their use. However, the duty to account for his share of the profits earned by the use of a joint work is exclusively between the joint owners of the copyright, in this case plaintiff and codefendant DOMINGA RODRIGUEZ CEDEÑO.

The right of a co-owner to independently use or license the copyrighted work carries the duty to account to the co-owner for profits made as a result thereof. Even though "[e]ach joint owner may exploit the subject work [he] must correspondingly account to his fellow joint owners for such uses." 1 Nimmer on Copyright § 6.10 p. 6-31 (footnote omitted). *See also*, Thomson, 147 F.3d at 199 ("subject... to the obligation to account to the other joint owner for any profits that are made."); U.S. ex rel. Berge, 104 F.3d at 1461 ("subject... to a duty of accounting for profits to the other co-owners."); Caffey v. Cook.

**CIVIL NO. 04-1464 (RLA)** Page 6

"The courts have uniformly recognized that one joint owner is accountable to the others for their rateable share of the profits that he has realized form licensing of the work." 1 Nimmer on Copyright § 6.12[B] p. 6-35 (footnotes omitted). However, [a] right of accounting may be enforced only as against the joint owner-licensor, and not as against his licensee." *Id.* at 6-36 (footnote omitted).

Accordingly, taking his allegations as true, plaintiff is entitled to prosecute a claim for accounting of profits for work protected under the federal Copyright Act exclusively against codefendant DOMINGA RODRIGUEZ CEDEÑO. Therefore, this cause of action is **DISMISSED** as to the other named codefendants.

### FALSE AUTHORSHIP & ADVERTISING UNDER THE LANHAM ACT

In Count III of the complaint plaintiff alleges that identifying EDWIN PINO RIVERA as the composer of the two songs at issue rather than the true authors, constituted "a false designation of origin" by defendants under sec. 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

However, as plaintiff himself concedes, in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003) the U.S. Supreme Court rejected this argument. The Court specifically ruled that "the phrase 'origin of goods' in the Lanham Act in accordance with the Act's commonlaw foundations (which were *not* designed to protect originality or creativity), and in light of the copyright and patent laws (which *were*), we conclude that the

**CIVIL NO. 04-1464 (RLA)**                                                                 **Page 7**

phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* 599 U.S. at 37 (italics in original). *See also*, Zyla v. Wadsworth, 360 F.3d 243, 252 (1st Cir. 2004).

Based on the foregoing, the claims for false designation of origin under sec. 43(a) of the Lanham Act are **DISMISSED.**

In response to defendants' request for dismissal plaintiff further argues that identifying EDWIN PINO RIVERA as the author of the aforementioned songs constitutes a claim for false advertising pursuant to sec. 43(a) of the Lanham Act. In other words, plaintiff contends that the purportedly false authorship claims are actionable as false advertising.

However, a review of the allegations in the complaint fail to support any claim that would warrant relief under this theory. According to § 1125(a)(1)(B) in order to state a colorable false advertising claim plaintiff would need to establish that defendants "in connection with any goods... use[d] in commerce any word, term, name... or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

**CIVIL NO. 04-1464 (RLA)** **Page 8**

Plaintiff merely alleges that he was not given credit for the composition of the two songs at issue but rather EDWIN PINO RIVERA appeared as the author.[3] However, this allegation by itself is not tantamount to a false advertising claim. There is no allegation of commercial advertising, an essential element for a viable cause of action.

In their opposition plaintiff further contends that the advertisement campaign for songs included posters and other materials such as notebooks and coloring books with the images of JERRY RIVERA and the lyrics to the songs. However, there is no allegation that there was any "false or misleading representation of fact" in any of these promotional materials a requisite ingredient under sec. 43.[4]

Accordingly, the claims for false advertising are likewise **DISMISSED**.

### SUPPLEMENTAL CLAIMS

Lastly, defendants contend that no federal claim subsists and that we should decline supplemental jurisdiction over the local claims asserted in the complaint. There is no consensus as to whether

---

[3] Complaint ¶¶ 17 and 18.

[4] Specifically, ¶ 26 of the complaint merely states that "[u]nbeknownst to Plaintiff... the advertisement campaign of the two compositions included distribution of posters, and advertising material with images of Jerry Rivera and lyrics of "ELLA" and "QUIERO BEBER." Further, at ¶ 36 of the complaint plaintiff adduces that "Defendants distributed, reprinted and/or publish (sic) coloring books, notebooks and book covers portraying the lyrics of the composition (sic) "ELLA" and "QUIERO BEBER" without any credit to his [sic] author."

**CIVIL NO. 04-1464 (RLA)**                                                              **Page 9**

claims for accounting between co-owners of a copyright arise from state or federal law. "There is a dispute where jurisdiction lies when one co-author of a work in statutory copyright claims to be entitled to an accounting of proceeds derived by the other co-authors from exploitation of the work." 3 Nimmer on Copyright § 12.01[A][1][b] at 12-13.

We find that an action for accounting between co-authors for profits of work protected under the Copyright Act arises under federal law which grants this court exclusive subject matter jurisdiction to entertain this claim. Our reasoning is based on the fact that the duty to account was devised by federal courts as a federal common law remedy. *See,* Craig Y. Allison, *Does a Copyright Coowner's Duty to Account Arise under Federal Law?*, 90 Mich. L. Rev. 1998, 2020 (June, 1992).

Further, "the federal interest in uniformity of remedy outweighs the burden of having the federal courts adjudicate even those accounting cases where the federal issues are peripheral. Without a federal accounting rule, states would be free to choose among various ways of allocating rights among coowners of copyright. Only plaintiffs who allege infringement would have the benefit of a uniform federal rule." *Id*. *But see*, Derminer v. Kramer, 386 F.Supp.2d 905, 912 (E.D.Mich. 2005).

**CIVIL NO. 04-1464 (RLA)**                                                              **Page 10**

It appearing that there is federal jurisdiction over the accounting claim, defendants' request to dismiss the supplemental claims is **DENIED**.

## CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by defendants RIVERA and BMG MUSIC (docket No. **7**)[5] and the Motion to Dismiss filed by PINO RIVERA and RODRIGUEZ CEDEÑO (docket No. **25**) are hereby disposed of as follows:

- The claims for infringement of the Copyright Act are **DISMISSED**.
- The claims for false designation of origin under sec. 43(a) of the Lanham Act are **DISMISSED**.
- The claims for false advertising under sec. 43(a) of the Lanham Act are **DISMISSED**.
- The claims for accounting of profits of work protected under the Copyright Act are **DISMISSED** as to the RIVERA and BMG MUSIC defendants.
- The request to dismiss the supplemental claims is **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 8th day of March, 2006.

                                          S/Raymond L. Acosta
                                          RAYMOND L. ACOSTA
                                          United States District Judge

---

[5] *See also*, Opposition (docket No. **13**) and Reply (docket No. **20**).